DOMINICA C. ANDERSON (SBN 2988)
RYAN LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 North City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
E-Mail: dcanderson@duanemorris.com
         rloosvelt@duanemorris.com

Attorneys for Defendant LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINE MCLEAN,<br><br>  Plaintiff,<br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a Massachusetts corporation; DOES I through V inclusive; and ROES I through V, inclusive,<br><br>  Defendants. | Case No. 2:10-CV-00995-LDG-RJJ<br><br>**STIPULATED PROTECTIVE ORDER; ORDER THEREON** |

Plaintiff Christine McLean and Defendant Liberty Life Assurance Company of Boston (collectively referred to herein as the "Parties"), by and through the attorneys of record, stipulate to the following Protective Order regarding certain documents to be produced by either party, or their third-party administrators, attorneys and/or agents in the above-captioned matter:

1. <u>CONFIDENTIAL Material</u>. Each party may designate documents, material and/or information being produced to the other in this litigation as "CONFIDENTIAL." Such designation is to be made for the purpose of protecting documents, material and/or information that is sensitive, confidential, trade secret, private and/or proprietary to the producing party and/or others ("CONFIDENTIAL Material"). Such CONFIDENTIAL Material consists of documents, material and/or information that has not been made public, and may include information that relates to or concerns individuals and entities other than the Parties.

2. <u>Access</u>. CONFIDENTIAL Material shall not be disclosed to anyone for any purpose other than solely in connection with the litigation of this action as follows:

A. CONFIDENTIAL Material may be disclosed only to "qualified persons," defined as (1) the Parties, their respective counsel of record, and the officers, directors, employees, and third-party administrators of a party who need to review the CONFIDENTIAL Material to assist with that party's defense or prosecution of its case, (2) prospective witnesses who have agreed in writing to be bound by this Protective Order in the form of an executed Declaration of Compliance, attached as Exhibit A, and (3) consultants and experts retained by a party herein to assist with that party's prosecution or defense of this litigation who have agreed in writing to be bound by this Protective Order in the form of an executed Declaration of Compliance, attached as Exhibit A.

B. <u>Copies of CONFIDENTIAL Material</u>. Copies and extracts of CONFIDENTIAL Material may be made by or for the foregoing qualified persons, provided that all copies and extracts are appropriately marked as set forth below in paragraph 2(F). All copies and extracts of CONFIDENTIAL Material are subject to paragraph 2(G) of this Protective Order.

C. <u>Custody of CONFIDENTIAL Material</u>. All CONFIDENTIAL Material and all notes and/or other records regarding that CONFIDENTIAL Material shall be maintained in the sole custody of counsel of record for the Parties, and no partial or complete copies thereof containing CONFIDENTIAL Material shall be retained by anyone else at any location, except that each office of the attorney of record may maintain a file for archival purposes, and consultants and experts within 2.A.(3), above, may retain CONFIDENTIAL Material on a temporary basis for purposes of study, analysis and preparation of the case. A person with custody of CONFIDENTIAL Material shall maintain it in a manner that limits access only to those qualified persons identified above in paragraph 2.A.

D. <u>Authors and Addressees</u>. The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

E. <u>Declaration of Compliance and Objections</u>. Prior to disclosing CONFIDENTIAL Material as discussed in paragraphs 2(A) through 2(D), counsel wishing to disclose the information must ensure that the qualified person to whom the documents are to be disclosed has understood and executed the Declaration of Compliance, attached as Exhibit A.

Counsel disclosing the CONFIDENTIAL Material shall then retain the original executed Declaration of Compliance.

   F. <u>Designating Documents</u>. When a party producing documents, material or information wishes to designate all or some portion of said documents as "CONFIDENTIAL," such designation shall be made as follows: (1) with respect to documents or other tangible material, by placing the word "CONFIDENTIAL" on each page or surface of the document or material prior to production; and (2) with respect to documents, material or information in electronic or other intangible form, by labeling the disc, tape, drive or other physical medium in or on which the documents, material or information is recorded or stored for production in this litigation with the word "CONFIDENTIAL."

   G. <u>Return of Materials</u>. All CONFIDENTIAL Material, and all copies, excerpts, abstracts, analyses and information or material of any form that is derived from CONFIDENTIAL Material shall be returned to its Designating Party, upon that party's request, within thirty (30) days of the conclusion of this litigation. Any materials subject to this Protective Order may be retained by a party only with the Designating Party's express permission.

  3. <u>Designating Depositions</u>

   A. Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked with the word "CONFIDENTIAL" by the reporter, as the party seeking to designate the material as CONFIDENTIAL may direct, or; (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for as marking as CONFIDENTIAL the copies of the designated transcript or portion thereof in their possession or control as directed by the Parties.

   B. Where testimony is designated at a deposition, the Parties may exclude from the deposition all persons other than those to whom the CONFIDENTIAL Material may be disclosed under paragraph 2 of this Protective Order.

   C. Any party may mark CONFIDENTIAL Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may be disclosed under paragraph 2 of this Protective Order and the exhibit and related transcript pages receive the same CONFIDENTIAL designation as the original material.

  4. <u>Court Procedures</u>

   A. In applications and motions to the Court, all submissions of CONFIDENTIAL Material shall be filed with the Court as expressly allowed under the federal court filing system (currently required for all parties) for confidential submissions by denoting that such documents will be filed "under seal." To the extent that this Court maintains a different procedure for maintaining confidentiality of such documents, the parties will follow such procedures as advised by court staff.

   Unless otherwise ordered by the Court, the Parties will request that any hearing which may refer to or describe CONFIDENTIAL Material be held in camera. The party using the CONFIDENTIAL Material shall take all steps reasonably available to protect its confidentiality during such use.

   B. At the trial of this matter, the Parties shall request the Court to exclude from the courtroom, subject to the Court's approval, any person (excluding court personnel) who is not bound or has not agreed to be bound by this Protective Order when CONFIDENTIAL Material subject to this Protective Order is going to be introduced, presented or referred to.

  5. <u>Additional Relief.</u> Nothing in this Protective Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. Nothing in this Protective Order shall prejudice any motion to modify this Protective Order.

  6. <u>Enforceability of Stipulation as Binding Contract Between the Parties.</u> The Parties agree that even if the Court does not sign and enter the Proposed Order on this Stipulation that the Parties will be bound by all of the terms and conditions of this Stipulation as a separate and enforceable contract between the Parties.

///

///

7.  <u>Modification and Survival</u>. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Stipulation and Protective Order shall survive termination of this action.

DATED: November 1, 2010

DUANE MORRIS LLP

By: /s/ Ryan A. Loosvelt
Dominica C. Anderson (SBN 2988)
Ryan A. Loosvelt (SBN 8550)

Attorneys for Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

LAW OFFICES OF JULIE A. MERSCH

By: /s/ Julie A. Mersch
Julie A. Mersch
Attorney for Plaintiff Christine McLean

EXHIBIT A

AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER
AND ORDERS PURSUANT THERETO

I, _____, of _____, in order to be provided access to the CONFIDENTIAL Material, which is the subject of the Protective Order dated _____, 2010, in the lawsuit entitled "*Christine McLean v. Liberty Life Assurance Company of Boston*," Case No. 2:10-cv-00995-LDG-RJJ, pending in the United States District Court for the District of Nevada, (the "Action") represent and agree as follows:

1. I have been provided with a copy of the Protective Order and have reviewed and am familiar with its terms.

2. With regard to the CONFIDENTIAL Material to which I am given access in connection with the Action, I agree to be bound by the provisions of the Protective Order as of this date. I specifically agree that, unless I am the attorney of record representing a party to this Action, I shall not make copies nor authorize anyone to make copies of the Designated Material and that I will promptly return all copies of the CONFIDENTIAL Material to the person from whom I received them upon request by that person. In addition, I will promptly surrender all copies, excerpts, abstracts, analyses and information or material of any form that is derived from CONFIDENTIAL Material to the person from whom I received the CONFIDENTIAL Material upon request by that person.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Order.

Signed:_____

Name:_____

Dated:_____

## [PROPOSED] ORDER

Upon consideration of the foregoing Stipulation, AND FOR GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED THAT the Parties' Stipulation shall be the Order of the Court.

IT IS SO ORDERED.

Dated: November 9, 2010

_____
UNITED STATES MAGISTRATE JUDGE